J-S53029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELA MONTEIRO | : | |
| | : | |
| Appellant | : | No. 1796 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010920-2017

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED:  JANUARY 25, 2021**

Angela Monteiro appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following her guilty plea[1] to one count of aggravated assault, graded as a felony of the first degree.[2]  After careful review, we affirm.

Monteiro twice brutally assaulted the victim, Samantha Schofield, on the night of May 31, 2017—the first time at 9:49 p.m., and the second time at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The negotiated agreement included the withdrawal of the first-degree felony charge of attempted murder and other misdemeanor offenses.  There was no agreement as to sentencing.  **See Commonwealth v. White**, 787 A.2d 1088 (Pa. Super. 2001) (in open plea agreement, there is agreement as to charges to be brought, but no agreement at all to restrict prosecution's right to seek maximum sentences applicable to those charges).

[2] 18 Pa.C.S.A. §§ 2702(a)(1), (b).

10:28 p.m.  The trial judge, the Honorable Anne Marie B. Coyle, summarized the second attack as follows:

> Ms. Schofield [] appeared again [in] the video to be simply walking down the sidewalk southbound within the same block.  [Monteiro] turns and immediately lunged from her fixed spot and threw the victim to the ground.  She then mercilessly punched and stomped on her head[;] she stuffed this profusely bleeding, unconscious woman, into a black trash bag up to her ankles, and after raising her own hooded sweater, initially calmly walked and then ran from the scene on foot as bystanders responded.  Ms. Schofield's life was spared due to the bravery and immediate medical intervention of one of those responding bystanders who had also yelled at [Monteiro] to stop her attack.  James Russell, an experienced Afghanistan war veteran medic, had been walking outside for a smoke break from his hospital employment in front of the Aria Hospital, Frankford Division, Emergency Room entrance[,] which was directly across the street from the assault.  Mr. Russell saw [Monteiro] repeatedly strike the victim and flee when he and others ran forward to intervene.  Mr. Russell pulled this unbreathing, unresponsive, and profusely bleeding tiny woman from inside the suffocating trash bag and established an airway. He transported her across the street for emergency medical treatment at Aria Hospital, Frankford Division, where he and others performed heroic and miraculous life-saving measures.

Trial Court Opinion, 1/3/20, at 3-4.  Monteiro's assault was so brutal[3] that the victim was unrecognizable to her family.  Although the victim survived the attacks, she suffered brain damage; she is wheelchair-bound and permanently disabled.

On May 10, 2019, the court sentenced Monteiro to ten to twenty years' imprisonment.  The court denied Monteiro post-sentence motion, which was

---

[3] Mr. Russell described the scene as a "river of blood" coming from the trash bag, and that the victim was "faced down . . . drowning in her own blood, suffocating in a plastic bag."  N.T. Sentencing, 5/10/19, at 53-57.

denied without a hearing. This timely appeal followed. Both Monteiro and the trial court complied with Pa.R.A.P. 1925.

Monteiro raises one issue for our review: "Is the sentence imposed unduly harsh and excessive under the circumstances of this case where the lower court relied upon improper factors?" Appellant's Brief, at 4.

Prior to reaching the merits of this issue, we must first determine if Monteiro has properly preserved her claim for appellate review. Based upon our review of Monteiro's Rule 1925(b) concise statement of errors complained of on appeal and the issue raised in her appellate brief, we are constrained to conclude that the issue raised on appeal has been waived.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

In her Rule 1925(b) statement, Monteiro raised the following claim: "The sentence of 10 to 20 years' incarceration was unreasonable and too harsh given Appellant's mitigating circumstances of mental health history, age, remorse, and lack of prior criminal record." Pa.R.A.P. 1925(b) Statement,

11/19/19. In her Rule 1925(a) opinion, Judge Coyle comprehensively addressed this issue, emphasizing that the record belied this claim. The court thoroughly analyzed all relevant sentencing factors and considered all mitigating factors, including Monteiro's in-depth mental health evaluations.[4] Trial Court Opinion, *supra* at 13.

However, the issue raised in Monteiro's appellate brief is significantly different from that raised in her Rule 1925(b) statement. In her brief, Monteiro asserts that the sentencing court erred in considering "improper factors." Appellant's Brief, at 4. In particular, she argues that the court considered "vague, unsubstantiated hearsay information regarding arrests in other states which did not result in conviction[.]" *Id.* at 19, 29, 38-39.

---

[4] We note that, based on the trial court's comprehensive opinion, Monteiro would not be entitled to relief even had she properly preserved her challenge. Here, the sentencing court considered the brutality of the assault, the compelling testimony at sentencing from the victim, her family, her caregivers, and the witness to the assault who rescued her. The court also considered the Sentencing Guidelines, *see* Trial Court Opinion, *supra* at 9-10, and explained in detail its reasons for sentencing above the aggravated range. *Id.* at 14-16, 19. The court carefully measured the sentencing factors and the unique circumstances of this case, *id.* at 19; 42 Pa.C.S.A. § 9721(b), and reviewed a presentence investigation report (PSI) and mental health evaluation prior to sentencing Monteiro. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where court is in possession of PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Further, Monteiro acknowledges in her brief that the maximum term of incarceration for this offense is 20 years of imprisonment, and that her sentence of 10 to 20 years' imprisonment is a legal sentence. *See* 18 Pa.C.S.A. §§ 2702(b), 1103(1); Appellant's Brief, at 33. Accordingly, no relief would be due.

Monteiro's issue on appeal has nothing to do with her assertion that the court failed to consider "mitigating circumstances of mental health history, age, remorse, and lack of prior criminal record." Pa.R.A.P. 1925(b) Statement, *supra*.[5]

Because Monteiro has failed to preserve her issue on appeal by including it in her Rule 1925(b) statement, we do not reach the merits of her claim. Pa.R.A.P. 1925(b)(4)(vii); *see Commonwealth v. Lagenella*, 17 A.3d 1257, 1265 (Pa. Super. 2011) (citing *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005)). We, therefore, affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/21

---

[5] Monteiro's Rule 2119(f) statement mirrors the "failure to consider mitigating factors" language in her Rule 1925(b) statement, but as noted above, her issue on appeal raises a different issue—consideration of "improper factors." *See* Appellant's Brief, at 4.